*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1752**

In the matter of the Petition of Melrose Community, LLC
for a revision of the legal descriptions reflected in
Certificates of Title No. 7034 & 7035
for the issuance of replacement certificates
with a reallocation of the properties on the new certificates of title
and for a determination of those memorials
to be carried forward to the new certificates.

**Filed August 25, 2014
Affirmed
Chutich, Judge**

Stearns County District Court
File No. 73-CV-12-1815

Judy E. Adams, Minneapolis, Minnesota (pro se appellant)

Neil C. Franz, P. Jason Thibodeaux, Franz Hultgren Evenson, P.A., St. Cloud, Minnesota
(for respondent)

Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and
Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Pro se appellant Judy Adams appeals the district court's grant of summary
judgment in favor of respondent Melrose Community LLC that rejected Rose Light
Construction LLC's claims of unregistered interest on two certificates of title in land.

She contends that the district court erred because she had personal claims of unregistered interest on the same certificates of title. Because Rose Light Construction LLC did not having standing to bring claims of unregistered interest on the certificates of title and Adams's personal claims were not before the district court, we affirm.

## FACTS

Pro se appellant Adams is the sole member and Chief Manager of Rose Light Construction LLC (Rose Light). On October 29, 2009, Rose Light executed and delivered an assignment of contract for deed and quit claim deed to Melrose Community LLC (Melrose) because Rose Light was in default on its contract for deed on a mobile home park in Stearns County. Melrose cured the default and entered into a "Memorandum of Understanding" with Rose Light that stated,

> I (referring to Melrose . . . ) have also advised you (referring to Rose Light . . . ) that it is my intention to promptly apply for substitute financing and to place a mortgage on the manufactured home community and to convey to you at such time the adjacent non-income producing property.

On June 21, 2011, Rose Light assigned its rights or claims arising from the October 29, 2009 agreement with Melrose to Adams personally.

Melrose tried to secure the necessary financing, but the lender required a survey of the land by Stearns County. The survey took more than a year and showed that the certificate of title needed to be altered by proceedings subsequent to the registration of land. On February 14, 2012, Melrose petitioned for proceedings subsequent to the initial registration of land to conform certificates of title 7034 and 7035 to the land descriptions from the survey.

2

On June 25, 2012, Rose Light recorded with the Office of the Stearns County Recorder two claims of unregistered interest against these same certificates of title (7034 and 7035) based on "equitable lien[s]." In December, the district court held a hearing on whether to grant Melrose's petition to conform certificates of title 7034 and 7035 to the land descriptions from the survey. The district court found that it was necessary to first address Rose Light's claims of unregistered interest and suggested that the parties file cross-motions for summary judgment.

Following this hearing, Melrose moved to discharge Rose Light's claims of unregistered interest, and Stearns County filed a motion for summary judgment. Adams, proceeding pro se and in her individual capacity, filed a wide-ranging summary-judgment motion. Adams asked that 1) Melrose be removed from the certificates of title 7034 and 7035; 2) the taxes and special assessments on the property be allocated; 3) the district court rule on funding for an emergency shelter in the mobile home park; 4) Adams be awarded $1.2 million if she did not get the property; 5) the district court issue a writ of recovery; 6) the October 29, 2009 agreement between Melrose and Rose Light be vacated; and 7) Melrose be fined $10,000 and imprisoned for up to five years.

The district court held a summary-judgment hearing in March 2013. Adams appeared at the hearing pro se and in her individual capacity. Adams claimed an individual interest in the October 29, 2009 agreement between Rose Light and Melrose because Rose Light assigned its rights to Adams in June 2011. Although Rose Light initiated the claims of unregistered interest, Rose Light was not represented by counsel at the hearing.

3

After the hearing, the district court ruled that the claims of unregistered interest filed by Rose Light were invalid because Rose Light assigned its interest in the property to Adams before filing the claims and did not have standing to pursue the claims. The district court ordered that the claims of unregistered interest be removed from the new certificates of title 7034 and 7035. Because the district court found Rose Light's claim of unregistered interest to be invalid, it did not address the numerous other issues raised by Adams in her motion for summary judgment.

Adams then submitted a "Lien Statement" and claims of unregistered interest in the amount of $1.2 million to the Office of the Stearns County Recorder. These claims were asserted by Adams individually. Adams also sent a letter to the district court, asking the district court to reconsider its summary-judgment order based on her "Lien Statement" and new claims of unregistered interest. Adams did not file a motion for reconsideration, pay a filing fee, or serve the parties with a motion for reconsideration. Melrose worked with the Stearns County Examiner of Titles, Stearns County Registrar of Titles, and the Stearns County Surveyor to reach a stipulated agreement on the final legal description for the land at issue in this case.

The Stearns County Examiner of Titles wrote to the district court to ask how to proceed, and the district court held another hearing in August 2013. The district court issued another order, cancelling certificates of title 7034 and 7035 and ordering the issuance of five new certificates of title based on the stipulated agreement for the descriptions of land submitted by Melrose, the Stearns County Examiner of Titles, Stearns County Registrar of Titles, and the Stearns County Surveyor. The district court

4

ruled that Rose Light's claims of unregistered interest would not appear on the new certificates of title. The district court entered final judgment, and this appeal followed.

## D E C I S I O N

Adams asserts that the district court erred by granting summary judgment in favor of Melrose and by removing Rose Light's claims of unregistered interest on certificates of title 7034 and 7035. Adams also contends that the district court erred by not considering her personal claims of unregistered interest that she filed after the district court granted Melrose summary judgment. Because Rose Light did not have standing to file the claims of unregistered interest and Adams did not properly file a motion for reconsideration, we affirm.

We review de novo a district court's grant of summary judgment, determining "whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). No genuine factual issue exists "when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997).

"Standing is the requirement that a party has a sufficient stake in a justiciable controversy to seek relief from a court." *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 493 (Minn. 1996). A plaintiff may acquire standing in one of two ways: (1) the plaintiff suffers some "injury-in-fact"; or (2) the plaintiff is granted standing

5

through some legislative enactment. *Id.* A plaintiff who lacks standing may not bring a suit. *Id.*

Minnesota Statutes section 508.70, subdivision 1 (2012), governs how claims of unregistered interest in real property are filed. It states:

> (a) Any person claiming any interest in registered land arising or created after the date of the original registration, which does not appear on the certificate of title, may, if there is some impediment to registering the claimed interest, file with the registrar of titles a verified claim of unregistered interest, made by or at the instance of the claimant, stating:
> (1) the alleged interest;
> (2) how or from whom it was acquired;
> (3) the reason the interest cannot be registered;
> (4) the number of the affected certificate of title;
> (5) a description of the affected land;
> (6) a place at which all notices may be served upon the claimant; and
> (7) that the claim is not made for the purpose of avoiding the payment of mortgage registry tax under section 287.01 or deed tax under section 287.21, or avoiding obtaining the auditor's statement on an instrument under section 272.12.

*Id.*

Applying these principles, we conclude that the district court properly ruled that Rose Light did not have standing to pursue this case. The undisputed facts show that, at the time that the claims of unregistered interest were filed, Rose Light had no remaining ownership interest in certificates of title 7034 and 7035. Rose Light had previously transferred its rights or claims to the land to Adams. As the district court noted, Adams should have filed the original claims of unregistered interest in her own name because

Adams exclusively owned the rights arising from the October 29, 2009 agreement with Melrose.

Instead of dismissing Rose Light's claims of unregistered interest and filing her own claims of unregistered interest, Adams attempted to pursue Rose Light's claims in her individual capacity as sole member of the LLC. But under Minnesota law, an LLC must be represented by an attorney in legal proceedings. *301 Clifton Place L.L.C. v. 301 Clifton Place Condo. Ass'n*, 783 N.W.2d 551, 560–61 (Minn. App. 2010).

More importantly, Rose Light did not have an ownership interest in certificates of title 7034 and 7035 because it had previously assigned its interest to Adams. Rose Light therefore did not have standing to pursue these claims of unregistered interest under Minnesota Statutes section 508.70. *See Philip Morris*, 551 N.W.2d at 493. Because Rose Light did not have standing to pursue the claims of unregistered interest and Adams wrongly interjected herself in place of Rose Light instead of filing her own personal claims, we affirm the district court's decision to remove Rose Light's claims of unregistered interest.

Nor did the district court err in declining to consider Adams's informal request to reconsider its original summary-judgment decision based on her newly filed personal claims of unregistered interest in the land. Adams did not file a motion for reconsideration, pay a filing fee, or serve the parties to the suit, all of which are required under the Minnesota Rules of Civil Procedure. Minn. Stat. § 357.021 (2012); Minn. R. Civ. P. 5.01; Minn. R. Civ. P. 5.04; Minn. R. Civ. P. 7.02; *see also* Minn. R. Civ. P. 52.02 (allowing district court to consider whether to amend findings "[u]pon motion of a

7

party served and heard not later than the times allowed for a motion for new trial pursuant to Rule 59.03"). While we recognize that Adams was proceeding without an attorney, any leeway to be accorded pro se litigants is not limitless. *See Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001) (stating that "[a]lthough some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules"). Because Adams did not file and serve a motion for reconsideration on the district court's summary-judgment decision, the district court did not err by not considering her request.

We note finally that Adams' brief to this court primarily focuses on issues relating to the purchase agreement and "Memorandum of Understanding" between Rose Light and Melrose entered into on October 29, 2009. As the district court stated in its memorandum, however, its ruling was narrowly limited to the validity of the claim of unregistered interest and did not address any issues of breach of contract:

> By this ruling, the Court does not determine the rights of either Ms. Adams, Rose Light Construction, LLC or Melrose Community, LLC pursuant to the Letter Memorandum of Understanding of October 29, 2009. The Court's ruling today relates only to the validity of the Claim of Unregistered Interest, not to the validity of the Letter Memorandum of Understanding upon which that filing was based.

Because this appeal was brought from a judgment on Rose Light's claims of unregistered interest, not on a judgment concerning Adams' contractual claims against Melrose,[1] we do not consider any other matter raised by Adams. *See Schmitz v. Rinke, Noonan,*

---

[1] Adams previously sued Melrose for breach of contract on the purchase agreement and "Memorandum of Understanding," and her complaint was dismissed without prejudice in 2011.

*Smoley, Deter, Colombo, Wiant, Von Korff & Hobbs, Ltd.*, 783 N.W.2d 733, 744 (Minn. App. 2010) ("[M]atters outside the scope of review are not properly considered by appellate courts."); *see also* Minn. R. Civ. App. P. 103.04.

      **Affirmed.**